JAMES H. HANLEY, APPELLEE, V. HERMAN STRATBUCKER, APPELLANT.

13 N. W. 2d 665

FILED MARCH 17, 1944. No. 31696.

*Fischer, Fischer & Fischer*, for appellant.

*Smith & Schall, Edward G. Garvey* and *Charles S. Lobingier*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is a suit upon two notes given for rent. The defense was that the notes were canceled as the result of defendant's exercising an option of purchase of the property. Judgment was for the plaintiff. Defendant appeals. We

reverse the judgment of the trial court and direct judgment for the defendant.

The plaintiff and Ella B. Lobingier were the owners of a tract of land along the river in Washington county. They leased the land to the defendant for the year, March 1, 1940, to February 28, 1941, at a rental of $150, evidenced by promissory notes of the defendant for $75 payable to each of the owners and due September 1, 1940. There was a provision for an extension of the term under certain conditions.

The lease further provided: "Lessors hereby give lessee during the first year term of this lease the option of purchasing said premises for the sum of $2550.00, lessors to furnish a merchantable abstract for said premises. In the event lessee exercises the option to purchase said premises on or before August 1, 1940, and pays to said lessors on or before August 1, 1940, the sum of $2550.00, then and in that event the promissory note mentioned herein, payable to Ella B. Lobingier in the sum of $75.00 and the promissory note mentioned herein payable to James H. Hanley, in the sum of $75.00 will be cancelled and returned to lessee."

Plaintiff handled this matter for himself and his co-owner. He sues here for himself as payee of one of the notes and as endorser of the other. We will, accordingly, refer to the plaintiff throughout as representing both of the owners of the land and the notes.

By letter dated July 3, 1940, plaintiff referred to the "option in the lease" and inquired of the defendant if he intended to purchase the land. Under date of July 8, 1940, defendant replied that he expected "to go thru with the purchase," had "arranged to have the money by August first" and gave directions as to the grantee of the deed. July 10, 1940, plaintiff advised defendant that he would have the abstract and deed prepared and be ready for final settlement "when I get out there the first part of August." Defendant had the money to make full payment on August first and thereafter held it available for that purpose.

The abstract certificate was dated August 6, 1940, and

was delivered by plaintiff to defendant's attorney on August 8, 1940.

Thereafter certain objections were made to the title, which are not fully disclosed by the record. There was a tax sale for taxes unpaid on an undivided half interest in the property. There is reference in the correspondence also to a required correction in the description of the property in the deed. A third party, under some claim of ownership, seems to have been in possession of an island, which was a part of the tract. Defendant's attorney advised plaintiff of this latter fact and plaintiff gave instructions as to what to do to correct the situation. There was a proposal by the defendant to place all the money in escrow or pay part and withhold part pending the settlement of this third party's claim. It was not accepted. Plaintiff made a counter proposal which was not accepted. Later plaintiff employed defendant's attorney to bring what appears to have been contempt proceedings to secure possession and ouster of the third party.

April 4, 1941, the proceedings with reference to the third party had been successfully completed and plaintiff submitted deed and abstract of title to an Omaha bank to be delivered to defendant upon the payment of the purchase price. Plaintiff added to the contract purchase price the sum of $24.58 representing 1940 taxes which the plaintiff had paid. A claim of apparent interest by still another party appears to have delayed settlement for a few days. Defendant made the payments and took up the deeds.

Thereafter in May, 1941, plaintiff demanded payment on the notes. There is evidence that plaintiff notified defendant in August, 1940, that payment of the notes would be required. This the defendant denies. That fact has been resolved by the court's decision in favor of the plaintiff. No reference was made to the notes at the time settlement was made for the property.

Plaintiff sued on the notes. Defendant answered alleging that under the terms of the contract the notes were to be canceled and returned to him and denying liability. At

the close of the evidence in the district court both parties moved for a directed verdict. The trial court discharged the jury, found for the plaintiff and rendered judgment accordingly.

With the exception above noted, there is no dispute of material facts in the evidence. Is the defendant liable to the plaintiff on the notes? The answer depends upon a construction of the contract in the light of the construction the parties themselves placed upon it. "This court on a number of occasions has stated: 'The practical interpretation given a contract by the parties to it while they are engaged in its performance, and before any controversy has arisen concerning it, is one of the best indications of its true intent, and the courts will ordinarily enforce such construction.' *Jensen v. Romigh*, 133 Neb. 71, 274 N. W. 199." *Dakota County v. Central Bridge & Construction Co.*, 136 Neb. 118, 285 N. W. 309.

That the sale and purchase of the land were completed under the provisions of the contract is not questioned and is not an issue here. The issue is as to defendant's liability on the notes given for rent. Plaintiff contends that only on the condition that defendant exercised the option and paid the purchase price on or before August 1, 1940, was plaintiff to cancel and return the notes and that, otherwise, the notes were to be paid. That plaintiff did not receive payment by August first is certain.

Plaintiff overlooks the fact that, as a condition precedent to the right to demand the payment of the purchase price, he was obligated by the contract to furnish an abstract showing merchantable title. If defendant exercised the option to purchase, plaintiff agreed to furnish the abstract. Obviously that was to be done and a reasonable time given to examine the title and objections made thereto before the defendant was called upon to pay the purchase price. The parties themselves so construed the contract. This condition applied whether the option was exercised before or after August 1. Plaintiff furnished no abstract of any kind until eight days after August 1. The abstract was exam-

.ined; objections were made; they were treated as having merit; steps were taken by plaintiff to remedy the matters to which objections were made; and as soon as the objectionable matters were corrected, payment was made. It was not until after the transaction was completed, plaintiff had his money, and defendant the land, that plaintiff contended the objections to the title were without merit and the court proceedings against the third party wholly unnecessary.

The fault here lies with the plaintiff. He failed to deliver the abstract within the time set in the contract and when it was delivered, it did not show a merchantable title, as demonstrated by the action of the plaintiff in perfecting it. Defendant was, on or before August 1, ready, willing and able to perform. Plaintiff could not alter the contract by advising defendant that he would be required to pay the notes. Defendant's rights and liabilities were fixed when the contract option was exercised, and were not subject to change by the plaintiff.

Not to be overlooked is the fact that the plaintiff treated this sale as though completed in 1940 for he required the defendant to pay the purchase price, plus a reimbursement for 1940 taxes which were paid by plaintiff in 1941 before the transaction was completed. These taxes were not chargeable to the defendant except on the theory that they were considering the settlement on the basis of the sale having been made in 1940.

Under the construction which the parties themselves placed on their contract while they were performing it, it must be held that defendant has no liability to the plaintiff on the notes in question.

The judgment of the trial court is reversed and remanded with directions to enter a judgment for the defendant.

REVERSED, WITH DIRECTIONS.